_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 22 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR26-120 RAJ |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| SAED ALI MIRREH, | |
| Defendant. | |

The United States of America, by and through Todd Greenberg and Camila Garces, Assistant United States Attorneys, Defendant Saed Ali Mirreh, and Defendant's attorneys, Dawn Farina and Casey M. Arbenz, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1.      **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.      **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information: *Conspiracy to Provide Material Support*

Plea Agreement - 1
*U.S. v. Mirreh*, CR26-120 RAJ

to a *Designated Foreign Terrorist Organization*, in violation of Title 18, United States Code, Section 2339B(a)(1).

By entering the plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

First, Defendant knowingly conspired to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel and services, to a foreign terrorist organization, namely the Islamic State of Iraq and al-Sham ("ISIS"), which was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act;

Second, Defendant had knowledge that ISIS was a designated terrorist organization or that it engaged in terrorist activity or terrorism; and

Third, Defendant is a citizen of the United States.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows: A maximum term of imprisonment of twenty (20) years; a fine of up to $250,000; a period of supervision following release from prison of up to life; and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 2
*U.S. v. Mirreh*, CR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Specifically, pursuant to 18 U.S.C. § 3583(j), Defendant may be required to serve a term of supervised release of any term of years or life, which will begin at the expiration of any term of imprisonment imposed. Should Defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Defendant may be sentenced to not more than five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

5.    **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of

Plea Agreement - 3
*U.S. v. Mirreh*, CR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes

Plea Agreement - 4
*U.S. v. Mirreh*, CR

of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The version of the Sentencing Guidelines effective November 1, 2025 applies in this case;

b. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

c. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

d. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

e. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

> Defendant Saed Ali Mirreh is a citizen of the United States. At the time of Mirreh's offense conduct, the Islamic State of Iraq and al-Sham ("ISIS") was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act. Mirreh had knowledge that ISIS was a designated terrorist organization and that it engaged in terrorist activity and terrorism.

Plea Agreement - 5
*U.S. v. Mirreh*, CR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

From a date unknown, but by at least on or about July 24, 2025, to on or about November 4, 2025, through communications on encrypted messaging applications, Mirreh, Co-Defendant Tomas-Kaan Jimenez-Guzel, and other co-conspirators agreed to travel to Turkey in November 2025. They also agreed with other co-conspirators to subsequently travel to "sham," by which Mirreh understood meant Syria, to join ISIS as fighters, and to thereby provide themselves and others as personnel to ISIS, to work under ISIS's direction and control.

On or about October 27, 2025, Jimenez-Guzel purchased an airline ticket to depart from Newark Liberty International Airport to Istanbul, Turkey on or about November 17, 2025. On or about October 28, 2025, Mirreh purchased an airline ticket to depart from Seattle-Tacoma International Airport to Istanbul, Turkey on or about November 16, 2025.

After other individuals residing in Dearborn, Michigan, with whom Mirreh and Jimenez-Guzel were communicating, were arrested on October 31, 2025, and charged with offenses related to those individuals' plot to carry out an armed attack on behalf of ISIS, Mirreh, Jimenez-Guzel, and their co-conspirators accelerated their travel plans.

On or about November 4, 2025, after communicating with Jimenez-Guzel and other co-conspirators, Mirreh booked an additional flight from Seattle-Tacoma International Airport to Istanbul, Turkey to depart on or about November 5, 2025.

Leading up to their arrests, during their communications with each other and other co-conspirators over at least the last several months, Mirreh, Jimenez-Guzel, and other co-conspirators agreed to, and discussed, comprehensive plans to complete "hijrah" and "jihad" in or around November 2025. Mirreh, Jimenez-Guzel, and others also discussed, among other things, detailed travel plans, physical training, weapons including firearms and improvised explosive devices, and how to avoid detection by law enforcement.

Mirreh was arrested on November 4, 2025 at his home in Washington. FBI agents advised Mirreh of his *Miranda* rights. Mirreh waived those rights and agreed to speak with the agents. During the post-arrest interview, Mirreh admitted to possessing a ticket to fly to Istanbul to ultimately travel into Syria for the purpose of joining ISIS as a fighter. Mirreh further stated that his travel plans were made in conjunction with other individuals,

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

including Jimenez-Guzel (whom Mirreh knew by Jimenez-Guzel's known kunya or alias), and had been developed over a number of months.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

A base offense level of 26, pursuant to U.S.S.G. § 2M5.3(a);

A 2-level increase pursuant to U.S.S.G. § 2M5.3(b)(1)(E), because the offense involved the provision of funds or other material support or resources with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act;

A 12-level upward adjustment pursuant to U.S.S.G. § 3A1.4(a), because the offense is a felony that involved, and was intended to promote, a federal crime of terrorism; and

A Criminal History Category of VI, pursuant to U.S.S.G. § 3A1.4(b).

Defendant understands that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to U.S.S.G. §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of

Plea Agreement - 7
*U.S. v. Mirreh*, CR

Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign or domestic: (i) of any entity or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording Defendant a source of influence over any such entity or organization; (ii) acquired or maintained by Defendant with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; and (iv) of any entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in in 18 U.S.C. § 2331) against any international organization (as defined in 22 U.S.C. § 4309(b)) or against any foreign Government.

Defendant acknowledges that the following property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c) as an asset that was involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property: an iPhone 14 with serial number CXDHDP7V1X and iPhone 15 Pro with serial number C3J2471H2Q (the "Specific Property"). Defendant admits that the Specific Property has the requisite nexus to the offense charged in the Information.

Defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument,

Plea Agreement - 8
*U.S. v. Mirreh*, CR

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Defendant consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Defendant further understands that Defendant has no right to demand that any forfeiture of Defendant's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Defendant waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Defendant also consents to the administrative and/or civil judicial forfeiture of the Specific Property. Defendant agrees that Defendant will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Defendant has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Defendant further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Defendant further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Defendant's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

13. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington and the United States Attorney's Office for the District of New Jersey agree not to prosecute Defendant for any additional offenses known to them as of the time of this Plea Agreement based upon evidence in their possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant. Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Plea Agreement - 10
*U.S. v. Mirreh*, CR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

15.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that does not exceed 240 months, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights. Defendant's waiver includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however

captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is 240 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of his guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those

Plea Agreement - 12
*U.S. v. Mirreh*, CR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

18.    **Other Provisions.** This agreement is limited to the United States Attorney's Office for the Western District of Washington and the United States Attorney's Office for the District of New Jersey. It cannot bind other federal, state, or local authorities.  If requested to do so, however, the United States Attorney's Office for the Western District of Washington and the United States Attorney's Office for the District of New Jersey will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Defendant.  So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Defendant.

Plea Agreement - 13
*U.S. v. Mirreh*, CR

No provision of this agreement shall preclude Defendant from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

19.    **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington and the United States Attorney's Office for the District of New Jersey. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 22nd day of JULY, 2026.


_____
SAED ALI MIRREH
Defendant


_____
DAWN FARINA
Attorney for Defendant


_____ /s/ Casey Arbenz_____
CASEY M. ARBENZ
Attorney for Defendant


_____
TODD GREENBERG
Assistant United States Attorney

/s/ Camila Garces
_____
CAMILA GARCES
Assistant United States Attorney

Plea Agreement - 14
U.S. v. Mirreh, CR